UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ASHER JAMES BECKER,<br><br>              Plaintiff,<br><br>  v.<br><br>WA DEPARTMENT OF CORRECTIONS, et al.,<br><br>              Defendants. | CASE NO. C18-5739 BHS<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND REMANDING |

This matter comes before the Court on Defendant Pat Does' motion to dismiss for lack of subject matter jurisdiction. Dkt. 14.

On May 10, 2018, Plaintiff Asher James Becker ("Becker") filed a complaint in Thurston County Superior Court for the State of Washington against the Washington State Department of Corrections, Jerry Shumaker, Spokane Police Department, Mike Gleason, and Pat Does # 1-5. Dkt. 1-1. On September 11, 2018, the United States removed the matter and filed a notice of substitution and certification. Dkts. 1, 2. The United States certifies that Pat Doe # 4 is James Collins ("Collins") and that, at all times

material to the complaint, Collins was a federal employee acting within the scope of his employment. Dkt. 2.

On October 5, 2018, the United States moved to dismiss for lack of subject matter jurisdiction because Becker failed to exhaust his administrative remedies. Dkt. 14. On October 18, 2018, Becker responded. Dkt. 18. On October 26, 2018, Defendants Mike Gleason, Jerry Shumaker, and the Washington Department of Corrections ("State Defendants") responded. Dkt. 19. The State Defendants take no position regarding the merits of the United States' motion and request that the Court retain supplemental jurisdiction if it dismisses the United States as a party. *Id.* On November 2, 2018, the United States replied. Dkt. 21.

In this case, the merits of the United States' motion are undisputed. Becker concedes that he failed to file "a federal tort-claim to the office in question." Dkt. 18 at 1. Thus, dismissal of his claim against Collins is mandated by binding precedent. *Jerves v. United States*, 966 F.2d 517, 518 (9th Cir. 1992) (requirement that tort claimant may not commence proceedings without first filing a claim with the federal agency is jurisdictional and may not be waived); *Cadwalder v. United States*, 45 F.3d 297, 300 (9th Cir. 1995) ("The administrative claim requirements of Section 2675(a) are jurisdictional in nature, and thus must be strictly adhered to."). The Court grants the United States's motion on this issue and dismisses Becker's claims against Collins without prejudice.

The remaining issues are (1) whether equitable tolling applies, (2) whether Collins should remain for purposes of Becker's state tort claims, and (3) whether the Court should retain supplemental jurisdiction. First, the United States correctly argues that the

Court should not address equitable tolling until and unless Becker files an administrative claim. Dkt. 21 at 2–3. The Court agrees because, in the absence of an administrative claim, there is no record to review. Therefore, the Court declines to address issues of equitable tolling.

Second, Becker requests that the Court only dismiss his federal claims against Collins and retain Collins for all the state tort claims. Dkt. 18 at 3. As the United States correctly points out, it substituted itself for Collins based on all acts Becker has alleged against Collins. Dkt. 21 at 4–6. This substitution works for all claims, state and federal. *Id.* Moreover, it is Becker's burden to establish that the substitution is invalid in some way, and he has failed to properly contest the substitution. Therefore, the Court will not retain Collins for any of Becker's claims.

Finally, the Court declines to retain jurisdiction over Becker's state law claims against the remaining non-federal defendants. The State Defendants have failed to establish any federal interest that weighs in favor of the Court retaining jurisdiction. Becker filed this action in the state forum, and he is entitled to prosecute it in that forum. Therefore, the Clerk shall terminate the United States, remove all pending motions from the Court's calendar, and remand this action to Thurston County Superior Court.

**IT IS SO ORDERED**.

Dated this 14th day of January, 2019.

BENJAMIN H. SETTLE
United States District Judge